FILED

2017 MAR 31 PM 3:55

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:17-CV-573-ORL-18-TBS

JENNIFER HERMAN,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

_______________________________________/

**COMPLAINT**

COMES NOW, Plaintiff JENNIFER HERMAN ("HERMAN") by and through her undersigned attorney, and hereby sues Defendant UNITED STATES OF AMERICA ("USA") and as grounds therefore states as follows:

**Jurisdictional Allegations**

1. This is an automobile negligence claim brought pursuant to the provisions of the Florida Tort Claim Act, 28 U.S.C. §1346(b)(1), 2671-80 for injuries and damages as a result of the negligence of the agents, servants and employees of the UNITED STATES OF AMERICA, acting within the scope and course of their said agency, servitude and employment.

2. At the time of filing her claim on March 16, 2016, Plaintiff's claim was valued at $231,000.00. However, since that time, Plaintiff has been unable to work. She is now on a temporary total disability through June 19, 2017.

3. This is an action for damages of HERMAN, in the amount of Two Hundred Sixty-Nine Thousand Nine Hundred Fifty Dollars ($269,950.00). This increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the Federal agency in that Plaintiff's temporary disability time has increased since the filing of the claim. All damages are exclusive of interest and costs.

4. It is anticipated that the amount of the claim will increase after an updated MRI is done of Plaintiff's spine. However, given the fact that Plaintiff is pregnant at the time of this filing, an MRI cannot be done until after the baby is born in September, 2017. It is believed that the updated MRI will likely show either a permanent disability, the need for spinal surgery, or both. These facts cannot be reasonably discovered until after the birth of Plaintiff's baby. Plaintiff anticipates the need to amend her complaint to indicate an increased claim amount based on newly discovered evidence.

5. The Plaintiff, at the time of filing her administrative claim, was a citizen and resident of Brevard County, Florida. All acts complained of occurred in Brevard County, Florida.

6. This Court has jurisdiction over Plaintiff's claims, and proper venue is in the Middle District of Florida, Orlando Division.

7. Prior to filing this Complaint, the undersigned attorney certifies that he has conducted a reasonable investigation of the claims against this Defendant, and that the investigation gives rise to a good faith belief that grounds exist for this action.

8. Prior to filing suit, Plaintiff, in accordance with 28 C.F.R. §14.2(a) and 32 C.F.R. §750 (U.S. Navy Regulations concerning requirements for the successful filing of Claims under the Federal Tort Claims Act) provided formal notice complying with these Statute Sections and mailed Standard Form 95 Claims Forms on March 17, 2016, within the two (2) year Federal Tort Claims Act Statute of Limitations. The claims were sent by U.S. First Class Mail, Return Receipt Requested, to Mr. Dennis L. McDonald, Tort Claims Coordinator, U.S. Postal Service, P.O. Box 999704, Mid Florida, Florida 32799-9704. The claim was filed with the appropriate agency and was accepted.

9. Plaintiff's claim was denied on October 28, 2016 by letter from Jeff Glass, Tort Claims Examiner/Adjudicator from the law department of the National Tort Center. This lawsuit has been filed within 6 months of the receipt of the October 28, 2016 denial letter.

10. All conditions precedent to the bringing of this action have occurred or been waived.

## Allegations of Negligence

11. On April 15, 2015, Plaintiff was operating a 2012 Dodge Avenger northbound on Whaley Road in Brevard County, Florida.

12. At said time and place, a 1994 Chevrolet U.S. Postal Service vehicle was westbound on Heavenly Street approaching the stop sign at the intersection of Whaley Road. The U.S. Postal Service vehicle was being driven by Marilyn Elizabeth Maxson.

13. The U.S. Postal Service vehicle failed to make a complete stop at the stop sign and

attempted to turn right onto Whaley Road. As such, the U.S. Postal Service vehicle drove into the intersection directly into the path of Plaintiff HERMAN. The front left area of the U.S. Postal Service vehicle struck the right rear side of Plaintiff HERMAN'S vehicle. This impact caused the HERMAN vehicle to rotate in a clockwise motion in the northeasterly direction. Plaintiff HERMAN travelled off the road and struck a utility pole on the shoulder.

14. At said time and place the U.S. Postal Service vehicle was negligent in that it failed to stop at the stop sign and further failed to yield the right of way to the HERMAN vehicle. Plaintiff HERMAN suffered serious and permanent injuries.

## Damages

15. As a direct and proximate result of the negligence alleged herein, Plaintiff HERMAN has suffered the following damages:

A. Pain and suffering both in the past and in the future.

B. Permanent injury and disability both in the past and in the future.

C. Cervical disk disorder both in the past and in the future.

D. Herniated disk C6 -- 7 with annular tear, both in the past and in the future.

E. Disk bulge C5 – 6, both in the past and in the future.

F. Loss of earnings and earning capacity, both in the past and in the future.

G. Loss or diminution of the ability to enjoy life.

WHEREFORE, Plaintiff JENNIFER HERMAN demands judgment and damages

against Defendant UNITED STATES OF AMERICA, a governmental agency, together with interest and costs and such other damages as the Court may deem just and proper and demands a trial by the court on all issues so triable as of right.

DATED this 29th day of March, 2017.

WILLIAM G. OSBORNE, ESQUIRE
Florida Bar No. 273783
WILLIAM G. OSBORNE, P.A.
1305 E. Robinson St.
Orlando, Florida 32801
(407) 894-1534
(407) 894-1535 (Facsimile)
Attorney for Plaintiff